### IN THE

## SUPERIOR COURT OF JUDICATURE,

### FOR THE

## COUNTY OF MERRIMACK, DECEMBER TERM,

### A. D. 1835.

---

## DANIEL KNOX vs. SALLY MARTIN.

In assumpsit, the consideration of the promise must not only be proved, but it must be proved as laid in the declaration.

In general, a promise by one to repay money to be advanced by another, affords a sufficient ground to presume that the money was advanced at the request and on account of the promisor. But a promise by A to pay B a portion of the expenses which B might incur in defending a real action brought against himself, was *held* not to afford a sufficient ground to presume that the money was advanced at the request and on account of A, so as to sustain a count for money paid to A's use.

ASSUMPSIT. The contract laid in the first count was, that on the 9th of January, 1830, in consideration that the defendant was heir of James Cochran, deceased, and seized and possessed of certain lands as heir of the said James, and that the said James had in his life-time, by deed dated the 20th of January, 1815, conveyed certain lands to the plaintiff with warranty, the defendant promised the plaintiff to pay him one eighth part of the costs and expenses of defending a certain suit then pending, and brought by Noah M. Cofran against said Knox, to recover a part of the land conveyed to the plaintiff by the said James Cochran, with warranty as aforesaid.

There was also a count for money paid, laid out and expended.

The cause was tried upon the general issue at February term, 1835, and a verdict taken by consent for the plaintiff, subject to the opinion of the court upon the following case.

On the 9th of January, 1830, there was pending in the superior court in this county, a writ of entry brought by Noah M. Cofran against Daniel Knox, the plaintiff in this case, to recover certain lands in Allenstown which Knox claimed to hold by virtue of a deed of James Cochran, dated January 20, 1815, and conveying the same lands to him with warranty.

The defendant was daughter and heir-at-law of the said James Cochran; but it did not appear that she ever had any real estate by descent, or by devise, from the said James.

On the said 9th January, 1830, the defendant made a contract in writing with the plaintiff in relation to said writ of entry, by which, after stating that the claim of the said Noah M. Cofran in that suit was considered as unjust, she promised the plaintiff to pay him one eighth part of the expense of defending the said suit.

And the plaintiff, having expended a large sum of money in defending that suit, brought this action against the defendant to recover one eighth part of the sum so by him expended.

*Peaslee*, for the plaintiff.

*Sullivan*, for the defendant.

Richardson, C. J., delivered the opinion of the court.

Whatever legal claim the plaintiff may in fact have against the defendant by reason of the contract stated in his first count, it is very clear that no claim which is stated in the declaration can be sustained upon the evidence offered at the trial.

In the first place, the special count is not proved as laid. The contract stated in that count is, that the defendant,

in consideration that she was heir, and had lands as heir, of James Cochran, promised the plaintiff to pay him a certain portion of the expenses of defending a suit brought against him to recover lands which James Cochran had conveyed to him with warranty.

The consideration here stated is in fact the interest which the defendant had to defend the suit, she being liable, by reason of the real assets descended to her from James Cofran, to make good his warranty.

But there was no evidence that she had any lands by descent or by devise from James Cofran. It did not then appear that she had any thing that could render her liable upon his covenant of warranty, or that she had any interest whatever in the suit which was pending against the plaintiff.

The consideration, then, stated in the first count, is not proved at all, and there is no pretence that the verdict can stand upon that count. For it is a well settled rule, that the consideration of a promise must not only be proved, but it must be proved as laid in the declaration. 1 *Chitty's Pl.* 295 and 303.

In the next place, the general count for money paid, is not supported by the evidence.

If it had been shown that the defendant was the heir of James Cofran, and had real assets by descent from him, perhaps the plaintiff might have recovered upon this count; for then the money expended by the plaintiff might have been considered as expended in some measure on her account.

So if it had appeared that the plaintiff was induced to defend the writ of entry by the defendant's request, perhaps this count might have been sustained.

But it does not appear that the defendant had any interest in the event of the real action, or that this plaintiff undertook to defend it at the request of the defendant. For aught that appears, her promise to pay a portion of the expenses was that of a mere gratuity, to enable the plaintiff

to defend his right against an unjust claim. The money expended, then, by the plaintiff in the defence of that suit must be considered as expended for his own use, and not for that of the defendant, and this count is not sustained by the evidence    4 *Esp. N. P. C.* 223; 5 *do.* 3; 1 *Chitty's Pl.* 340; 7 *D. & E.* 204; 2 *Starkie's Ev.* 93.

There are cases, in which a promise to repay money advanced, or to be advanced, would afford a sufficient ground to presume that it was advanced, or to be advanced, at the request and on account of the promisor. But here the promise was to bear a portion of the expenses which the plaintiff might incur in defending a suit brought against himself —and it seems to us that the promise alone does not, under all the circumstances disclosed in this case, afford any ground to presume that the money expended by the plaintiff in his own defence, was expended at the request or on account of the defendant. For aught that appears, her promise may have been an unlawful act of maintenance. And before the action is sustained on this count, it ought not only to appear that the money was advanced on account of the defendant, but that it was lawfully advanced on her account.

For these reasons, the

*Verdict is set aside and a new trial granted.*